UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| LARRY EVERETT HODGE, | ) | |
| | ) | |
| Petitioner, | ) | CAUSE NO. 3:15-cv-42-RLY-WGH |
| | ) | [3:11-CR-7-RLY-WGH] |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONSE TO MOTION FOR POST-CONVICTION RELIEF**

For its response to the movant Larry Everett Hodge's ("Hodge") motion for post-conviction relief, filed pursuant to 28 U.S.C. § 2255, the United States advises the Court as follows:

**RELEVANT PROCEDURAL HISTORY[1]**

On February 23, 2011, Hodge was charged in a multi-defendant 18-count Indictment. Hodge was charged in Counts 1 through 7 of producing child pornography, in violation of 18 U.S.C. § 2251(a). Counts 10 and 11 charged Hodge and a co-defendant with conspiracy to produce child pornography, in violation of 18 U.S.C. § 2251(a). Counts 12 and 13 charged Hodge with distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(1).

On March 18, 2011, Hodge appeared for an initial appearance before a Federal Magistrate Judge in the Southern District of Indiana and was ordered detained.

---

[1] The facts as set forth herein are taken from various materials of record, including the docket sheet, Indictment, Petition to Enter a Plea of Guilty, Stipulated Factual Basis of the Parties, Presentence Investigation Report, and Judgment in a Criminal Case.

On November 16, 2011, Hodge filed a Petition to Enter a Plea of Guilty to all the charges against him in the Indictment. (Document 49)   No plea agreement was filed in this case.

### A.   Change of Plea

In Hodge's Petition to Enter a Plea of Guilty, Hodge represented to the Court that 1) he received a copy of the Indictment; 2) he read and discussed it with his attorney; 3) he understood every accusation made against him in this case; 4) he fully informed his attorney of the facts and circumstances of this case; 5) his attorney informed, counseled and advised as to the nature and cause of every accusation and possible defenses in this case; 6) his attorney advised him of the punishment; 7) he believed his attorney had done all that anyone could do to counsel and assist him and he understood the proceedings in his case; 8) he makes no claim of innocence; 9) he declared that his plea of guilty was entered freely, voluntary, and of his own accord; 10) he requested to plead guilty as charged to the offenses specified in the Indictment; and 11) his attorney has explained to him and he believes and understands the statements set forth in the Indictment, in his petition and in the certificate of counsel attached to the Petition.   (Petition, Document 49, ¶¶ 4, 5, 6, 12, 13, 14)

The parties filed a stipulated factual basis on December 8, 2011.   Hodge did not object to the factual basis and in fact, signed the factual basis which set forth the facts of this case in detail. (Factual Basis, Document 60)   Paragraph Three of the stipulated factual basis stated, in part, the following:   "Both Larry and Emma Hodge were transported to the Evansville Police Department where they signed Miranda Waivers.   Both submitted to video-taped statements that contain confessions with some minimizing of the extent of the abuse."   Paragraph Five of the stipulated factual basis stated, in part, the following, "A search warrant was issued for Larry Everett

2

Hodge's residence to search for and seize all computer equipment and data storage devices as well as objects used in the abuse that appear in the digital photographs such as outfits, sexual objects used on the victim, and ropes. The search resulted in the seizure of Larry Hodge's computer, data storage discs, the digital camera used in the production of the sexually explicit images, and various objects depicted in the abuse images."

On December 8, 2011, a hearing was conducted on Hodge's decision to enter a guilty plea to the offenses. The Court found that Hodge was not under the influence of alcohol or drugs; read the indictment; was advised of his rights and the maximum and minimum penalties; found the government established a factual basis for the offenses using the stipulated factual basis, which was signed by Hodge and his attorney; and that Hodge did plead guilty as charged to all the counts of the Indictment. Based on that hearing, the Court determined that Hodge was fully competent and capable of entering an informed plea and adjudged him guilty. (See Document 61)

**B.   Sentencing**

On May 31, 2012, a sentencing hearing was held. The Court determined Hodge's combined adjusted offense level was 49, which included a three-level reduction for acceptance of responsibility. Hodge's sentencing guidelines range was life, but because each count has a fixed statutory maximum term of imprisonment, the advisory guideline range becomes 3,720 months (310 years) of imprisonment. The Court sentenced Hodge to 1,380 months' (115 years) imprisonment, a sentence substantially below the advisory guideline range. Hodge was also ordered to serve a lifetime term of supervised release and to pay the mandatory assessment of $1,100 and a fine of $1,000. The judgment of conviction was entered on June 11, 2012.

### C. Direct Appeal

Hodge filed a notice of appeal for his conviction and sentence on June 19, 2012. Hodge argued that the district court failed to discuss the psychiatrist's testimony or prospects for rehabilitation. The Seventh Circuit found that the district court gave "appropriate consideration to how each of the relevant § 3553(a) sentencing factors applied in Hodge's case." *United States v. Hodge*, 729 F.3d 717, 721 (7th Cir. 2013). The Seventh Circuit further found that the district court "is not required to specifically address every discrete point contained in a complex, nuanced psychological report." *Id*. at 722. On December 6, 2013, Hodge's conviction and sentence was affirmed. *Id*. On March 7, 2014, Hodge filed a petition for Writ of Certiorari which was denied by the Supreme Court on April 7, 2014. *See Hodge v. United States*, 134 S.Ct. 1801 (2014).

### D. Section 2255 Motion

On March 31, 2015, Hodge filed a motion to vacate his sentence under 28 U.S.C. § 2255. On April 3, 2015, the Court ordered the United States to respond to Hodge's 28 U.S.C. § 2255 motion. On May 4, 2015, Hodge filed a motion to supplement his memorandum of law. On May 12, 2015, the Court ordered the United States to respond to Hodge's Supplemental Memorandum.

## ISSUE PRESENTED

Whether Hodge's trial counsel was constitutionally ineffective and whether Hodge's plea was knowingly and voluntarily.

## DISCUSSION

### A. Ineffectiveness of Trial Counsel

Hodge asserts that his trial counsel was ineffective for failing to investigate the search and

seizure that was conducted at his home and failing to file a motion to suppress the evidence obtained from this search.   To prevail on a claim of ineffective counsel, Hodge must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) caused his prejudice.   *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).   With respect to the first prong of the *Strickland* test, "review of the performance of counsel must be 'highly deferential.'"   *Hough v. Anderson*, 272 F.3d 878, 891 (7th Cir. 2001).   In order to satisfy the prejudice component, Hodge must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.   If the defendant makes an insufficient showing on one prong of the test, the court need not consider the remaining prong.   *Hough*, 272 F.3d at 890.

To demonstrate that his counsel was ineffective, Hodge must show "both deficient performance and resulting prejudice."   *Veal v. Cooper*, 936 F. Supp. 511, 514 (N.D. Ill. 1996). *See also Strickland v. Washington*, 466 U.S. 668, 690 (1984); *Holman v. Gilmore*, 126 F.3d 876, 881-84 (7th Cir. 1997).     Hodge demonstrates neither. In his original motion Hodge contends that the facts surrounding the search and seizure of evidence at his residence was illegal and his counsel should have investigated and filed a motion to suppress this evidence.   Hodge fails to recognize the significance of the seizure of evidence from his residence having occurred after investigators obtained a search warrant.   Hodge stipulated this was true in the Factual Basis document he signed and filed with the Court.   (Document 60, Factual Basis, ¶ 5)   Likewise, Hodge fails to recognize the significance of the statement he provided to investigators having been made after a waiver of his *Miranda* rights.   (Document 60, Factual Basis, ¶ 3)   Hodge's trial counsel, who also signed the Stipulated Factual Basis, clearly knew that the seizure of evidence was done pursuant to a search warrant and Hodge's partial confession statement was made after a Miranda waiver.   In

5

his Supplemental Memorandum Hodge calls into question the very existence of the search warrant.  This assertion is again in conflict with the Stipulated Factual Basis Hodge signed and filed with the Court at the time of his change of plea hearing.  (Document 60, Factual Basis, ¶ 5)  Hodge claims that his attorney was ineffective because he should have argued that Hodge had an expectation of privacy related to sexually explicit images he sent to another person.  This assertion is also in conflict with the Stipulated Factual Basis Hodge filed with the Court.  The Stipulation, which was also signed by Hodge's attorney, indicates that Hodge voluntarily sent sexually explicit images involving a minor to a past associate and that the associate reported his activity to the police department.  (Document 60, Factual Basis, ¶¶ 1 and 2)  Under these circumstances, it was apparent to Hodge's trial counsel that Hodge held no reasonable expectation of privacy to images he voluntarily sent to another person.

Hodge cannot ignore the record of the guilty plea proceedings in his case in order to formulate challenges to his conviction on collateral review.  Hodge pled guilty, and by so pleading is precluded from "raising any question regarding the facts alleged in the indictment." *United States v. Walton*, 36 F.3d 32, 34 (7th Cir. 1994).  Hodge has "admitted all those facts and cannot undo his admissions." *Id*.  Hodge admitted the facts that support his conviction.  In fact, the Court found that the government "establishe[d] a factual basis for the plea and the defendant agree[d] with the factual basis (via filing of a Stipulated Factual Basis)."  (Document 61) Additionally, the facts were laid out in Hodge's Presentence Investigation Report.  Hodge filed no objections in writing or during the sentencing hearing held on May 31, 2012.  (*See* Document Number 94)

### B. Voluntariness of Guilty Plea

Hodge wraps up his arguments challenging the effectiveness of his trial counsel by claiming that the ineffectiveness also rendered his plea of guilty involuntary and coercive. (Hodge 2255 Motion, p.32)   These claims suggest that Hodge is actually contending that his plea of guilty was not voluntarily and knowingly entered.   Any assertion by Hodge that his plea of guilty was not knowingly and voluntarily entered is refuted by the transcript of Hodge's change of plea proceedings.   The record is irrefutable that the district court painstakingly reviewed with Hodge his constitutional rights.   The Court found Hodge "fully competent and capable of entering an informed plea."   (Document 61)   Only after assuring itself that Hodge's plea was freely and knowingly entered, did the court accept Hodge's plea of guilty.   Hodge has presented nothing to refute the court's determination.   "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant 'satisfies a heavy burden of persuasion.'" *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001).

### C. Failure to Raise Issues on Direct Appeal

Hodge filed an appeal that did not address any of the issues he now claims in this instant motion.   *See United States v. Hodge*, 729 F.3d 717, 721 (7th Cir. 2013).   These issues were available, and could have been raised by Hodge, on direct appeal and thus are procedurally defaulted and barred for purposes of collateral review.   *See Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989).

## CONCLUSION

Hodge has demonstrated no deficiency in his counsel's performance, and certainly no prejudice (assuming ineffective counsel could be established). Hodge's motion for post-conviction relief should be summarily rejected. For all of the foregoing reasons, the United States respectfully urges the Court to deny Hodge's motion for post-conviction relief and to dismiss his 28 U.S.C. § 2255 motion with prejudice.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney


s/Todd S. Shellenbarger
Todd S. Shellenbarger
Assistant United States Attorney
Office of the United States Attorney
101 NW Martin Luther King, Jr. Blvd.
Suite 250
Evansville, IN 47708
(812) 465-6475/FAX(812) 465-6443
Todd.Shellenbarger@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on **May 13, 2015**, a copy of the foregoing Response to Motion for Post-Conviction Relief was mailed, by first class U.S. Mail, postage prepaid and properly addressed to the following:

Larry Everett Hodge
Reg. No. 09971-028
United States Penitentiary
P.O. Box 24550
Tucson, AZ   85734

By:  s/Todd S. Shellenbarger
Todd S. Shellenbarger
Assistant United States Attorney
United States Attorney's Office
101 NW Martin Luther King, Jr. Blvd.
Suite 250
Evansville, IN 47708
(812) 465-6475/FAX(812) 465-6443
Todd.Shellenbarger@usdoj.gov