UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| LARRY EVERETT HODGE,            )<br>                                                       )<br>          Petitioner,                        )<br>                                                       )<br>     v.                                               )         CAUSE NO. 3:15-cv-0042-RLY-TAB<br>                                                       )<br>UNITED STATES OF AMERICA,  )<br>                                                       )<br>          Respondent.                     ) | |

**RESPONSE TO COURT'S ENTRY DATED NOVEMBER 16, 2016**

Pursuant to this Court's entry dated November 16, 2016, in which the Court instructed the government to reply to Hodge's supplemental ground five motion (Docket No. 37), the United States advises the Court of the following.

On June 30, 2016, Hodge filed a Fifth Motion to Supplement his § 2255 Motion. (Docket No. 34). The government would contend that this supplemental motion did not provide any new arguments only additional case law Hodge wished to add to his previous response for the Court's review.

**Government Incorporates Its Previous Responses**

The United States relies on its previously filed responses on May 13, 2015 (Docket No.11) and on June 13, 2016 (Docket No. 32). As the facts show in the government's original response, Hodge's claims are baseless and should be denied for the reasons provided and for failing to meet the standards set forth under *Strickland*. *Strickland v. Endre,* 466 U.S. 668, 687-88 (1984).

Hodge's claim that his counsel failed him is not only inadequate to meet the *Strickland*

standard, but is contradicted by the facts. His unsupported claim cannot show deficient performance or prejudice. Hodge's motion for post-conviction relief should be summarily rejected.

## The *Johnson* Opinion Has No Bearing on Hodge's case

Hodge cites the Supreme Court's opinion in *Johnson v. United States*, 135 S.Ct. 2551 (2015) in support of the claims he asserts in his Fifth Motion to Supplement his § 2255 Motion. (Docket No. 34, p.1-2). The *Johnson* opinion has no relevance to the arguments Hodge makes in support of his 28 U.S.C. § 2255 petition. The *Johnson* opinion provides further definition of what types of convictions qualify as predicate offenses requiring an enhanced sentence for firearms possession under 18 U.S.C. § 924(e), the Armed Career Criminal Act. *Johnson* 135 S.Ct. at 2563. A violation of 18 U.S.C. § 922(g) ordinarily carries a statutory maximum 10-year term of imprisonment. 18 U.S.C. § 924(a)(2). However, the Armed Career Criminal Act, 18 U.S.C. § 924(e), requires a mandatory minimum 15-year sentence for any defendant with three or more prior convictions that are either a "serious drug offense" or a "violent felony." The latter term is defined to include any offense that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B). The Supreme Court in *Johnson* held that the italicized portion of the statute, commonly known as the "residual clause," is unconstitutional. *Johnson*, 135 S. Ct. at 2555-56. Even more recently, the Supreme Court held that *Johnson* applies retroactively. *Welch v. United States*, 136 S. Ct. 1257 (2016). Hodge's case does not involve firearm possession or any type of sentencing enhancement based on the accumulation of prior convictions. Despite this, Hodge is claiming that *Johnson* should

change his child pornography sentence. Hodge is mistaken, *Johnson* applies to cases involving violations of 18 U.S.C. § 924 and has not been extended to other circumstances.

### Hodge Failed Challenge Consecutive Sentences on Direct Appeal

In the second half of his Fifth Motion to Supplement his § 2255 Motion (Docket No. 34) Hodge argues that this court erred by imposing consecutive sentenced for multiple counts in his case. Hodge could have raised this issue on direct appeal but did not. The Court of Appeals for the Seventh Circuit affirmed Hodge's conviction and sentence on September 6, 2013. *United States v. Hodge*, 729 F.3d 717 (7th Cir. 2013). In so doing, the Seventh Circuit pointed out that this Court correctly calculated the advisory Guidelines range in Hodge's case and that Hodge waived any challenge to the substantive reasonableness of his below-Guidelines sentence. *Hodge*, 729 F.3d at 720-21. Such a challenge to the sentence by Hodge is therefore procedurally defaulted for purposes of post-conviction relief. *See Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989). "Claims cannot be raised for the first time in a § 2255 motion if they could have been raised at trial or on direct appeal." *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). Once a claim has been rejected on direct appeal the law of the case doctrine bars the defendant from raising it in a § 2255 motion. *See United States v. Peleti*, 576 F.3d 377, 383 (7th Cir.2009).

Even if the merits of Hodge's challenge to the imposition of consecutive sentences for multiple counts could be reviewed now by this Court, it would fail. It is apparent that Hodge's sentence is reasonable based on the facts and circumstance presented in his case. The sentence imposed by this Court was 2,340 months below the advisory Guideline sentence. A sentence within the guidelines range is afforded a presumption of reasonableness on appellate review.

*United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005).  Any sentence that is substantially below the guidelines range is also afforded a presumption of reasonableness on appellate review. *See United States v. Jackson*, 598 F.3d 340, 345 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 435; *United States v. Noel*, 581 F.3d 490, 500 (7th Cir. 2009)*; United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008).  The Seventh Circuit has upheld, as reasonable, a substantial sentence for a defendant with a minimal criminal record who produced child pornography that did not involve molestation of the victims.  *See United States v. Klug*, 670 F.3d 797, 801 (7th Cir. 2012).  Hodge engaged in repeated physical sexual abuse of the child.  The Seventh Circuit has affirmed sentences imposing a term of imprisonment equivalent to the balance of a defendant's life in prison.  *See United States v. Thompson*, 523 F.3d 806, 814 (7th Cir. 2008) (the district court imposed maximum, consecutive sentences on each of an offender's counts of conviction for a total of over 100 years); *United States v. Noel*, 581 F.3d 490, 500 (7th Cir. 2009) (80 year sentence for producing child pornography was presumptively reasonable where guidelines range was equal to life in prison).  A sentence imposed by a district court is subject to review for substantive reasonableness using an abuse of discretion standard.  *United States v. Rice*, 520 F.3d 811, 819 (7th Cir. 2008).  Hodge's sentence is clearly reasonable and not the product of an abuse this Court's sentencing discretion.

**Conclusion**

The United States respectfully urges the Court to deny Hodge's 28 U.S.C. § 2255 motion with prejudice.

        Respectfully submitted,

        JOSH J. MINKLER
        United States Attorney

By: *s/Todd S. Shellenbarger*
    Todd S. Shellenbarger
    Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that **November 22, 2016**, a copy of the foregoing Response to Court's Entry Dated November 16, 2016 was mailed, by first class U.S. Mail, postage prepaid and properly addressed to the following:

 Larry E. Hodge
 Reg. No. 09971-028
 Tucson - USP
 Inmate Mail/Parcels
 P.O. Box 24550
 Tucson, AZ  85734

        By: s:/Todd S. Shellenbarger
           Todd S. Shellenbarger
           Assistant United States Attorney